

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Julia K. Evans*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3162*
*Fax: 504-589-2027*

October 18, 2018

Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C256
New Orleans, Louisiana 70130

    Re:    United States v. Jody Lambert
                Criminal Docket No.: 18-160 "J"

Dear Judge Barbier:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Jody Lambert, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Ralph S. Whalen, Jr., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government will allow the defendant, Jody Lambert, to plead guilty to a Superseding Bill of Information charging him with one count of a Civil Rights Conspiracy, in violation of Title 18, United States Code, Section 241, for conspiring to injure, oppress, threaten, and intimidate victim D.P. in the free exercise of her rights under the Fair Housing Act. The Government has agreed that, should the Court accept the defendant's guilty plea to the Superseding Bill of Information, the Government will request the Court to dismiss, at the time of sentencing, Counts 1, 2, and 4 of the pending Indictment against the defendant. The defendant understands that the Court is not bound to dismiss any count. The Government further agrees that it will not bring any other criminal charges in the Eastern District of Louisiana arising from the defendant's involvement in the abuse of victim D.P. in Amite, Louisiana, and from the manufacture of methamphetamine in Amite, Louisiana, so long as the defendant has truthfully informed law enforcement officials of the full and complete details of those crimes prior to his guilty plea in this

AUSA *[signed]*
Defendant *[signed]*
Defense Counsel *[signed]*

case. The defendant understands that this does not apply to crimes of violence that he may have committed that he has not yet disclosed to the Government. The Government further agrees to request the transfer of primary jurisdiction over the defendant from the State of Louisiana to the Federal Government. The defendant understands that the Government cannot guarantee that this request will be granted.

The defendant further understands that the maximum penalty he may receive should his plea of guilty be accepted is ten (10) years imprisonment, a fine of $250,000, three (3) years supervised release, and such restitution as may be ordered by the Court.

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties enter this agreement with the understanding that, at sentencing, the parties will jointly recommend to the Court that whatever sentence shall be imposed by the Court in the instant case shall run concurrently to any sentence imposed on the defendant by the Twenty-First Judicial Court for the Parish of Tangipahoa, State of Louisiana, in case number 1602073. The parties acknowledge that the following state charges are pending against the defendant in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, in case number 1602073: one count of Human Trafficking (LA R.S. 14:46.2), one count of Cruelty to the Infirm (LA R.S. 14:93.3), one count of Second Degree Kidnapping (LA R.S. 14:44.1), and one count of Contributing to the Delinquency of Juveniles (LA. R.S. 14:92.A(11)(a)). The parties further acknowledge that the Tangipahoa Parish District Attorney's Office (TPDAO) has stated its intent to resolve these pending state charges in the following manner: if the defendant successfully enters a plea to Count One of the Superseding Bill of Information in federal court and is sentenced on that count, and if the defendant pleads guilty in state court to one count of Cruelty to the Infirm (LA R.S. 14:93.3), and one count of Second Degree Kidnapping (LA R.S. 14:44.1), then TPDAO will dismiss the remaining pending state charges of one count of Human Trafficking (LA R.S. 14:46.2), and one count of Contributing to the Delinquency of Juveniles (LA. R.S. 14:92.A(11)(a)), and seek a state court sentence of no more than fifteen years imprisonment, with all but ten years suspended. Regardless, the defendant understands and has discussed with his attorney that the United States is not a party to the defendant's agreement with the TPDAO, and has no authority of any kind to enforce any such agreement. The defendant understands that failure by the TPDAO to honor its agreement will not be grounds for invalidation of this agreement.

As noted, it is understood that the Court may require the defendant to pay restitution in this matter in accordance with applicable law. The defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which is not limited to the count of conviction. To the extent possible by law, all restitution paid to the victim in this case shall be made pursuant to the Trafficking Victim Protection Act and the restitution will be paid pursuant to 18 U.S.C. Section 1593. The defendant agrees that any restitution will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability of any restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special

assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being voided.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three (3) years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

AUSA
Defendant
Defense Counsel

d.  The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands and acknowledges that his knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that if he violates the plea agreement, if he withdraws his decision to plead guilty, or if his guilty plea is later withdrawn or otherwise set aside, any statements he has made to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements he has made during any court proceeding involving his plea of guilty (including any factual bases or summaries signed by the defendant), and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the Government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the Government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within his possession or any assets transferred or sold to or deposited with any third party as outlined within the preceding

AUSA
Defendant
Defense Counsel

paragraph. It is also understood that defendant will provide any and all financial information and documentation requested by the Government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant acknowledges that he wishes to enter this plea agreement because he is in fact guilty of the charged crime and that victim D.P. was harmed as a result of his criminal acts.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

PETER G. STRASSER
UNITED STATES ATTORNEY

JULIA K. EVANS
Assistant United States Attorney

RISA BERKOWER
NICHOLAS REDDICK
Trial Attorneys
Civil Rights Division, Criminal Section
U.S. Department of Justice

_____  10-18-18
JODY LAMBERT    DATE
Defendant

_____  10/18/18
RALPH S. WHALEN, JR.    DATE
Counsel for Defendant