UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 18-160 |
| JODY LAMBERT | SECTION: "J" |

## **ORDER**

Before the Court is a *Motion for Credit for Time Served* **(Rec. Doc. 205)**, filed by Defendant, Jody Lambert.

Defendant asks the Court to grant him "all jail credit" for the above listed case. (Rec. Doc. 205, at 1). It appears to the Court that Defendant does not question the legality of his conviction, or the validity of the federal prison term, imposed by this Court. Instead, he focuses his request on the extent to which his sentence has been executed.

Although Defendant did not specify the statute under which he seeks relief, the remedy sought by Defendant indicates that he intends to petition for a reduction of sentence, which is governed by 28 U.S.C. § 2241. Moreover, motions seeking redress of BOP sentencing computations "must be addressed as habeas corpus petitions under 28 U.S.C. § 2241." *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990).

Section 2241 motions must be brought in "the district in which the prisoner is incarcerated," not in the district of the sentencing court. *Frees v. Maye*, 441 F. App'x

285, 286 (5th Cir. 2011). Defendant is currently incarcerated at FMC Butner located in the Western District of North Carolina. Thus, Defendant's motion is not properly before this Court.

However, even if this motion were brought in the proper court, federal sentencing courts have no authority to award credit for time served. It is clearly established that a "district court lacks the authority to award or deny [prior custody] credit . . . ." *In re: United States Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019). The Fifth Circuit has further clarified that:

> While a sentencing court may "reduce [a] defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines," the court "must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." And as noted, the BOP cannot grant credit that has already "been credited against another sentence."

*Smith v. McConnell*, 950 F.3d 285 (5th Cir. 2020) (quoting *In re: United States Bureau of Prisons, Department of Justice*, 918 F.3d at 439; see also *United States v. Taylor*, 973 F.3d 414 (5th Cir. 2020) ("The district court is not permitted to compute the credit for time served or to order the backdated commencement of a sentence. The BOP alone is authorized to take these actions").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Credit for Time Served* **(Rec. Doc. 205)** is **DENIED**.

New Orleans, Louisiana, this 2nd day of August, 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE